IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ASCOT SPECIALTY
INSURANCE COMPANY,**

6:23-cv-00309-AA
**OPINION AND ORDER**

Plaintiff,

v.

**WALMART, INC.,**

Defendant.

_____

AIKEN, District Judge:

Plaintiff is an insurer bringing a state law negligence claim against Defendant Walmart arising from an incident where a shoplifter stole a flare gun from Walmart and later deployed it onto the roof a home which Plaintiff insures. Before the Court is Defendant's motion to dismiss ("MTD"), ECF No. 7. For the reasons explained, Defendant's motion is GRANTED. Plaintiff's Complaint ("Compl."), ECF No. 1, is DISMISSED without leave to amend. Judgement shall be entered accordingly.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff insured real property located in Salem, Oregon. Compl. ¶ 2.1. Defendant operates a retail store in Salem, Oregon. *Id*. ¶ 2.4. Of the many products that Defendant sells in its Salem store, Plaintiff alleges that Walmart sells an "Alerter Basic" or "Ga Launcher and Red Aerial Signal," referred to as a flare launcher, or flare gun. *Id*. ¶ 2.14. It is not a firearm. *Id*. ¶ 2.15, 3.3. The flare launcher is a safety device which the Court refers to as the "Product." Compl. ¶ 2.14.2. Plaintiff alleges that Defendant did not lock or otherwise secure the Product in its store. *Id*. ¶ 2.17. On or about May 3, 2021, a third party stole the Product from Defendant. Compl. ¶ 2.18. Plaintiff alleges that the thief later discharged the Product, and the flare caused a fire when it landed on a neighboring building owned by Plaintiff's insured. *Id*.

Plaintiff filed this lawsuit on March 3, 2023. However, this is Plaintiff's fourth attempt to state a claim against Defendant on the theory that Defendant should be held liable for the criminal conduct of an unrelated third party. In Plaintiff's first and now-dismissed lawsuit, *Ascot Specialty Ins. Co. v. Walmart Stores, Inc. and Orion Safety Products Standard Fusee Corp.*, District of Oregon Case No. 6:22-cv-01914-AA, Plaintiff amended its complaint three times in response to motions to dismiss and strike. Plaintiff then missed the deadline to respond to Defendant's last motion to dismiss and then voluntarily dismissed its case.

Defendant moves to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(6), asserting that Plaintiff has failed to identify any basis for holding Walmart liable for the criminal conduct of a third party.

## LEGAL STANDARD

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Federal courts sitting in diversity apply substantive state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 80 (1938); *See* Compl. ¶ 1.1-1.2 (alleging diversity as the basis for the Court's jurisdiction). In Oregon, to state a claim for negligence, the plaintiff must allege specific facts that, if proven, would allow a reasonable jury to conclude that the defendant failed to act reasonably to prevent foreseeable harm. *See e.g., Fazzolari v. Portland Sch. Dist.*, 303 Or. 1 (1987).

When evaluating negligence claims arising from third-party criminal acts, "there is a common requirement: a trier of fact must be able to find from concrete facts that a reasonable person in the position of the defendant reasonably would have foreseen that the person or location and circumstances posed a risk of criminal harm to persons such as the plaintiff." *Piazza v. Kellim* 360 Or. 58, 81 (2016) (citing *Towe v. Sacagawea, Inc.*, 357 Or. 74, 86 (2015); *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 340 (2004); *Fazzolari*, 303 Or. at 17).

In making a foreseeability determination, a court should consider the following facts: (1) the similarity, frequency, and recency of prior criminal acts, (2) whether prior criminal acts were committed under the same or similar circumstances, (3)

whether prior criminal acts were committed at or near the same location, (4) whether prior criminal acts involve the same or similar types of victims, and (5) the place and character of the location of the current criminal act. *Id*. at 81.

Here, Plaintiff alleges that Defendant breached a duty by failing to lock, secure, or store the product. Compl. ¶ 3.8. However, Plaintiff does not allege any facts from which the Court can infer that Defendants owed any special duty to Plaintiff to store or secure the Product. Plaintiff identifies that the Product manual states that "misuse can cause serious injury." *Id*. ¶ 2.10. Plaintiff further states that, in light of that, Defendant should have stored it as through it were a firearm or other weapon. *Id*. ¶ 2.6 However, Plaintiff also states that the Product is *not* a firearm. *Id*. ¶ 2.16. Plaintiff does not connect the dots to show that Defendant owed any duty, or how Defendant breached any alleged duty by not storing or locking the Product away. Accordingly, Plaintiff has not pled factual content that allows the Court to draw the reasonable inference that Defendant is liable for misconduct. *Iqbal*, 556 U.S. at 678.

Plaintiff also maintains that it is "foreseeable that a person could easily access, steal, possess, and misuse the [Product]" and that "[i]t is also foreseeable that a person would steal an unlocked or unsecured flare gun and use it to cause a fire to a neighboring property." *Id*. ¶ 3.5. Plaintiff has not alleged any concrete facts that could show similarity, frequency, and recency of prior criminal acts or whether prior criminal acts were committed under the same or similar circumstances. *See Piazza*, 360 Or. at 81. Plaintiff's only supporting factual allegation on this front is that "a simple Google search" will confirm Plaintiff's claims. Such is not a sufficient factual

allegation from which the Court can glean a facially plausible claim for relief. *Shroyer,* 622 F.3d at 1041.

Plaintiff further alleges that Defendant acted unreasonably by failing to "take reasonable precautions to prevent the theft" of the Product, and that it was reasonably foreseeable that that "the flare gun will be stolen, misused, and discharged potentially causing serious injury to shoppers, the public, and neighboring properties." Compl. ¶ 2.12.  Plaintiff does not allege any facts to support a conclusion that Defendant knew or reasonably should have known that the Product "will be stolen" and deployed by a thief to start a fire, causing the type of harm that befell Plaintiff's insured. For example, Plaintiff has not alleged whether prior criminal acts were committed at or near the same location, whether prior criminal acts involve the same or similar types of conduct and victims. *See Piazza,* 360 Or. at 81; *D.B. v. IE Hotel Grp., LLC*, No. 3:22-CV-00432, 2023 WL 1444785, at *7 (D. Or. Feb. 1, 2023) (Defendant liable where it was aware of repeated occurrences of similar sex trafficking acts on their properties); *Brown v. J.C. Penney Co.*, 297 Or. 695, 710 (1984) (store liable for shopper attacked in parking lot where there was substantial evidence of criminal activity in area). In sum, the Court concludes that the Complaint fails to state a claim for negligence as pled and that the Complaint must be dismissed.

## AMENDMENT

Defendant asserts that the Complaint should be dismissed without leave to amend, given Plaintiff's multiple attempts at amendment in the prior case, and the length in which this case has "drag[ged] out." Reply at 3.  Plaintiff does not request leave to amend. However, Plaintiff submits a declaration to his Response, in lieu of

amendment, referencing two news reports where a flare gun, obtained from Walmart, was discharged and caused damage in a store in Mississippi in 2014 and another in California in 2021. ECF No. 10 at 3.

The Court considers whether amendment is proper under Rule 15. In determining whether to grant leave under Rule 15, courts consider five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the Court finds that Plaintiff has had numerous chances over the years to amend his Complaint to state a claim of negligence against Defendant based on the material facts presented here, and has failed to plausibly allege facts giving rise to an inference that Defendant is liable for the conduct Plaintiff asserts. Plaintiff's declaration containing information about a 2014 and 2021 incident does not add concrete facts that show similarity, frequency, and recency of prior criminal acts near the same location of the current criminal act. *See Piazza,* 360 Or. at 81. Accordingly, even if Plaintiff were granted leave to amend on that basis, those allegations would not save the Complaint. Accordingly, Plaintiff's Complaint is Dismissed Without Leave to Amend.

**CONCLUSION**

Defendant's Motion to Dismiss, ECF No. 7, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED without leave to amend. The Case is DISMISSED without prejudice. Judgment shall be entered accordingly.


IT IS SO ORDERED.

Dated this 26 day of March 2024.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge